# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF
# TEXAS, DALLAS DIVISION

JOSEPH K. HARRIS,

Plaintiff,

v.                                                            Civil Action No:_____

NCO FINANCIAL SYSTEMS, INC.,

Defendant.

**ORIGINAL**   **3-12CV-1833K**

## COMPLAINT

NOW COMES the Plaintiff, JOSEPH K. HARRIS, by and through himself and

for his Complaint against the Defendant, NCO FINANCIAL SYSTEMS, INC.,

Plaintiff states as follows:

## PRELIMINARY STATEMENT

1.  This is an action for actual and statutory damages for violations of the

    Telephone Consumer Protection Act (hereinafter, "TCPA"), 47 U.S.C.

    section 227 *et seq*., the Fair Debt Collection Practices Act ( hereinafter,

    "FDCPA"), 15 U.S.C. section 1692 *et seq*, .which prohibits debt collectors

    from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION & VENUE

2.  Jurisdiction arises under the FDCPA, and TCPA, pursuant to 28 U.S.C.

    sections 1331 and 28 U.S.C. section 1337.

1

3. Venue is proper in this district pursuant to 28 U.S.C. section 1391(b).

## PARTIES

4. JOSEPH K. HARRIS, (hereinafter, "Plaintiff"), is an individual who was at all relevant times residing in the county of Dallas, Texas.

5. At all relevant times, Plaintiff was a "consumer" as the term is defined by 15 U.S.C. section 1692a(3).

6. NCO FINANCIAL SYSTEMS, INC., (hereinafter, "NCO") is a business entity engaged in the collection of debt within the State of Texas. Defendant is located on 507 Prudential Road, Horsham, PA. 19044, whose primary business is debt collection from consumers.

7. At all relevant times, Defendant acted as a "debt collector" as that term is defined by 15 U.S.C. section 1692a(6).

## ALLEGATIONS OF FACT

8. Plaintiff has received numerous phone calls from Defendant to his cellular telephone seeking to collect an alleged debt.

9. Plaintiff has documented at least 20 phone calls from the Defendant throughout the months of April and May of 2012.

10. Plaintiff is not in privy with Defendant, and does not owe Defendant any money.

11. Plaintiff has never provided his phone number to Defendant or given his express consent to be called, whether on his own or on behalf of any third party.

12. The calls Plaintiff received were made using equipment that had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers.

13. Defendant's calls utilized interactive voice recognition technology, also known as a predictive dialer, in which a machine places calls, and when a consumer answers the phone there is a noticeable pause prior to being connected to a live representative of Defendant.

14. This technology, upon information and belief, dials several numbers simultaneously and connects the call only to those who answer first.

15. The most egregious types of these calls are placed to those consumers who in fact have no debt whatsoever owed to Defendant.

16. Plaintiff answered the initial phone call on or about April 13th, 2012.  The representative from ("NCO") asked Plaintiff his name, and told Plaintiff he was calling in reference to an alleged debt.

17. Plaintiff told the representative that he had no knowledge of the alleged debt, and stop repeatedly calling him on his cell phone.

18. The representative from ("NCO") responded in aggravation by saying he will see me ("Plaintiff") in Court.

19. Afterwards, Plaintiff received numerous automated prerecorded messages on his cell phone stating, "This is an important message from NCO Financial Systems, a debt collection company.  This is an attempt to collect a debt, and any information obtained will be used for that purpose.  Please return the call to 1-800-709-8625, again that's 1-800-709-8625."

20. Plaintiff never consented to, requested, or otherwise desired or permitted, calls from Defendant for the purpose of debt collection or any other purpose.

## COUNT I

## VIOLATION OF THE ("TCPA"), 47 U.S.C. SECTION 227, ET SEQ.

21. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. Without prior consent, the Defendant contacted the Plaintiff by means of automatic telephone calls or, prerecorded messages at a cellular telephone or pager in violation of 47 U.S.C. section 227(b)(A)(iii) on May 8th, 2012.

23. The phone call was made to Plaintiff without the number being provided to Defendant or any other entity in connection with any debt, and without the consent of Plaintiff.

24. Defendant utilized a predicative dialer to place numerous phone calls to Plaintiff and without human intervention. Defendant's equipment qualifies as a predictive dialer because it is equipment, combining software and hardware aspects, that has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers.

25. As a result of Defendant's illegal conduct, Plaintiff suffered actual damages in the form of continued unsolicited calls on his cellular phone, under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each violation of such Act.

26. Should the Court determine that Defendant's misconduct was willful and knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff.

## COUNT I
## VIOLATION OF THE ("FDCPA"), 15 U.S.C. SECTION 1692d(5)

27. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. Defendant's aforementioned conduct violated the FDCPA 15 U.S.C. section 1692d(5) as this provision specifically forbids a collector from "causing a

telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

29. As a result of Defendant's illegal conduct, Plaintiff suffered actual damages in the form of continued unsolicited calls on his cellular phone, under section 1692k, are entitled to $1,000 per statutory violation.

## COUNT II
## VIOLATION OF THE ("TCPA"), 47 U.S.C. SECTION 227, ET SEQ.

30. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. Without prior consent, the Defendant contacted the Plaintiff by means of automatic telephone calls or, prerecorded messages at a cellular telephone or pager in violation of 47 U.S.C. section 227(b)(A)(iii) on May 10th, 2012.

32. The phone call was made to Plaintiff without the number being provided to Defendant or any other entity in connection with any debt, and without the consent of Plaintiff.

33. Defendant utilized a predicative dialer to place numerous phone calls to Plaintiff and without human intervention. Defendant's equipment qualifies as a predictive dialer because it is equipment, combining software and

hardware aspects, that has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers.

34. As a result of Defendant's illegal conduct, Plaintiff suffered actual damages in the form of continued unsolicited calls on his cellular phone, under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each violation of such Act.

35. Should the Court determine that Defendant's misconduct was willful and knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff.

## COUNT II
## VIOLATION OF THE ("FDCPA"), 15 U.S.C. SECTION 1692d(5)

36. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. Defendant's aforementioned conduct violated the FDCPA 15 U.S.C. section 1692d(5) as this provision specifically forbids a collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

7

38. As a result of Defendant's illegal conduct, Plaintiff suffered actual damages in the form of continued unsolicited calls on his cellular phone, under section 1692k, are entitled to $1,000 per statutory violation.

## COUNT III
## VIOLATION OF THE ("TCPA"), 47 U.S.C. SECTION 227, ET SEQ.

39. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. Without prior consent, the Defendant contacted the Plaintiff by means of automatic telephone calls or, prerecorded messages at a cellular telephone or pager in violation of 47 U.S.C. section 227(b)(A)(iii) on May 14th, 2012.

41. The phone call was made to Plaintiff without the number being provided to Defendant or any other entity in connection with any debt, and without the consent of Plaintiff.

42. Defendant utilized a predicative dialer to place numerous phone calls to Plaintiff and without human intervention.  Defendant's equipment qualifies as a predictive dialer because it is equipment, combining software and hardware aspects, that has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers.

43. As a result of Defendant's illegal conduct, Plaintiff suffered actual damages in the form of continued unsolicited calls on his cellular phone, under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each violation of such Act.

44. Should the Court determine that Defendant's misconduct was willful and knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff.

## COUNT III
## VIOLATION OF THE ("FDCPA"), 15 U.S.C. SECTION 1692d(5)

45. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. Defendant's aforementioned conduct violated the FDCPA 15 U.S.C. section 1692d(5) as this provision specifically forbids a collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

47. As a result of Defendant's illegal conduct, Plaintiff suffered actual damages in the form of continued unsolicited calls on his cellular phone, under section 1692k, are entitled to $1,000 per statutory violation.

## COUNT IV

## VIOLATION OF THE ("TCPA"), 47 U.S.C. SECTION 227, ET SEQ.

48. The Plaintiff incorporates by reference all of the above paragraphs of this
Complaint as though fully stated herein.

49. Without prior consent, the Defendant contacted the Plaintiff by means of
automatic telephone calls or, prerecorded messages at a cellular telephone or
pager in violation of 47 U.S.C. section 227(b)(A)(iii) on May 17th, 2012.

50. The phone call was made to Plaintiff without the number being provided to
Defendant or any other entity in connection with any debt, and without the
consent of Plaintiff.

51. Defendant utilized a predicative dialer to place numerous phone calls to
Plaintiff and without human intervention.  Defendant's equipment qualifies
as a predictive dialer because it is equipment, combining software and
hardware aspects, that has the capacity to store or produce numbers and dial
those numbers at random, in sequential order, or from a database of
numbers.

52. As a result of Defendant's illegal conduct, Plaintiff suffered actual damages
in the form of continued unsolicited calls on his cellular phone, under
section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00
in damages for each violation of such Act.

53. Should the Court determine that Defendant's misconduct was willful and knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff.

## COUNT IV
## VIOLATION OF THE ("FDCPA"), 15 U.S.C. SECTION 1692d(5)

54. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

55. Defendant's aforementioned conduct violated the FDCPA 15 U.S.C. section 1692d(5) as this provision specifically forbids a collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

56. As a result of Defendant's illegal conduct, Plaintiff suffered actual damages in the form of continued unsolicited calls on his cellular phone, under section 1692k, are entitled to $1,000 per statutory violation.

## COUNT V
## VIOLATION OF THE ("TCPA"), 47 U.S.C. SECTION 227, ET SEQ.

57. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

58. Without prior consent, the Defendant contacted the Plaintiff by means of automatic telephone calls or, prerecorded messages at a cellular telephone or pager in violation of 47 U.S.C. section 227(b)(A)(iii) on May 18th, 2012.

59. The phone call was made to Plaintiff without the number being provided to Defendant or any other entity in connection with any debt, and without the consent of Plaintiff.

60. Defendant utilized a predicative dialer to place numerous phone calls to Plaintiff and without human intervention. Defendant's equipment qualifies as a predictive dialer because it is equipment, combining software and hardware aspects, that has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers.

61. As a result of Defendant's illegal conduct, Plaintiff suffered actual damages in the form of continued unsolicited calls on his cellular phone, under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each violation of such Act.

62. Should the Court determine that Defendant's misconduct was willful and knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff.

## COUNT V
## VIOLATION OF THE ("FDCPA"), 15 U.S.C. SECTION 1692d(5)

63. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

64. Defendant's aforementioned conduct violated the FDCPA 15 U.S.C. section 1692d(5) as this provision specifically forbids a collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

65. As a result of Defendant's illegal conduct, Plaintiff suffered actual damages in the form of continued unsolicited calls on his cellular phone, under section 1692k, are entitled to $1,000 per statutory violation.

## COUNT VI
## VIOLATION OF THE ("TCPA"), 47 U.S.C. SECTION 227, ET SEQ.

66. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

67. Without prior consent, the Defendant contacted the Plaintiff by means of automatic telephone calls or, prerecorded messages at a cellular telephone or pager in violation of 47 U.S.C. section 227(b)(A)(iii) on May 22[th], 2012.

68. The phone call was made to Plaintiff without the number being provided to Defendant or any other entity in connection with any debt, and without the consent of Plaintiff.

69. Defendant utilized a predicative dialer to place numerous phone calls to Plaintiff and without human intervention. Defendant's equipment qualifies as a predictive dialer because it is equipment, combining software and hardware aspects, that has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers.

70. As a result of Defendant's illegal conduct, Plaintiff suffered actual damages in the form of continued unsolicited calls on his cellular phone, under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each violation of such Act.

71. Should the Court determine that Defendant's misconduct was willful and knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff.

## COUNT VI
## VIOLATION OF THE ("FDCPA"), 15 U.S.C. SECTION 1692d(5)

72. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

73. Defendant's aforementioned conduct violated the FDCPA 15 U.S.C. section 1692d(5) as this provision specifically forbids a collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

74. As a result of Defendant's illegal conduct, Plaintiff suffered actual damages in the form of continued unsolicited calls on his cellular phone, under section 1692k, are entitled to $1,000 per statutory violation.

## COUNT VII
## VIOLATION OF THE ("TCPA"), 47 U.S.C. SECTION 227, ET SEQ.

75. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

76. Without prior consent, the Defendant contacted the Plaintiff by means of automatic telephone calls or, prerecorded messages at a cellular telephone or pager in violation of 47 U.S.C. section 227(b)(A)(iii) on May 23rd, 2012.

77. The phone call was made to Plaintiff without the number being provided to Defendant or any other entity in connection with any debt, and without the consent of Plaintiff.

78. Defendant utilized a predicative dialer to place numerous phone calls to Plaintiff and without human intervention. Defendant's equipment qualifies as a predictive dialer because it is equipment, combining software and hardware aspects, that has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers.

79. As a result of Defendant's illegal conduct, Plaintiff suffered actual damages in the form of continued unsolicited calls on his cellular phone, under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each violation of such Act.

80. Should the Court determine that Defendant's misconduct was willful and knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff.

## COUNT VII
### VIOLATION OF THE ("FDCPA"), 15 U.S.C. SECTION 1692d(5)

81. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

82. Defendant's aforementioned conduct violated the FDCPA 15 U.S.C. section 1692d(5) as this provision specifically forbids a collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

83. As a result of Defendant's illegal conduct, Plaintiff suffered actual damages in the form of continued unsolicited calls on his cellular phone, under section 1692k, are entitled to $1,000 per statutory violation.

## COUNT VIII
### VIOLATION OF THE ("TCPA"), 47 U.S.C. SECTION 227, ET SEQ.

17

84. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

85. Without prior consent, the Defendant contacted the Plaintiff by means of automatic telephone calls or, prerecorded messages at a cellular telephone or pager in violation of 47 U.S.C. section 227(b)(A)(iii) on May 24th, 2012.

86. The phone call was made to Plaintiff without the number being provided to Defendant or any other entity in connection with any debt, and without the consent of Plaintiff.

87. Defendant utilized a predicative dialer to place numerous phone calls to Plaintiff and without human intervention. Defendant's equipment qualifies as a predictive dialer because it is equipment, combining software and hardware aspects, that has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers.

88. As a result of Defendant's illegal conduct, Plaintiff suffered actual damages in the form of continued unsolicited calls on his cellular phone, under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each violation of such Act.

89. Should the Court determine that Defendant's misconduct was willful and knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff.

## COUNT VIII
## VIOLATION OF THE ("FDCPA"), 15 U.S.C. SECTION 1692d(5)

90. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

91. Defendant's aforementioned conduct violated the FDCPA 15 U.S.C. section 1692d(5) as this provision specifically forbids a collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

92. As a result of Defendant's illegal conduct, Plaintiff suffered actual damages in the form of continued unsolicited calls on his cellular phone, under section 1692k, are entitled to $1,000 per statutory violation.

## COUNT VIIII
## VIOLATION OF THE ("TCPA"), 47 U.S.C. SECTION 227, ET SEQ.

93. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

94. Without prior consent, the Defendant contacted the Plaintiff by means of automatic telephone calls or, prerecorded messages at a cellular telephone or pager in violation of 47 U.S.C. section 227(b)(A)(iii) on May 25th, 2012.

95. The phone call was made to Plaintiff without the number being provided to Defendant or any other entity in connection with any debt, and without the consent of Plaintiff.

96. Defendant utilized a predicative dialer to place numerous phone calls to Plaintiff and without human intervention. Defendant's equipment qualifies as a predictive dialer because it is equipment, combining software and hardware aspects, that has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers.

97. As a result of Defendant's illegal conduct, Plaintiff suffered actual damages in the form of continued unsolicited calls on his cellular phone, under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each violation of such Act.

98. Should the Court determine that Defendant's misconduct was willful and knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff.

## COUNTVIIII
## VIOLATION OF THE ("FDCPA"), 15 U.S.C. SECTION 1692d(5)

99. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

100.     Defendant's aforementioned conduct violated the FDCPA 15 U.S.C. section 1692d(5) as this provision specifically forbids a collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

101.     As a result of Defendant's illegal conduct, Plaintiff suffered actual damages in the form of continued unsolicited calls on his cellular phone, under section 1692k, are entitled to $1,000 per statutory violation.

## COUNT X
## VIOLATION OF THE ("TCPA"), 47 U.S.C. SECTION 227, ET SEQ.

102.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

103.    Without prior consent, the Defendant contacted the Plaintiff by means of automatic telephone calls or, prerecorded messages at a cellular telephone or pager in violation of 47 U.S.C. section 227(b)(A)(iii) on May 29th, 2012.

104.    The phone call was made to Plaintiff without the number being provided to Defendant or any other entity in connection with any debt, and without the consent of Plaintiff.

105.    Defendant utilized a predicative dialer to place numerous phone calls to Plaintiff and without human intervention.  Defendant's equipment qualifies as a predictive dialer because it is equipment, combining software and hardware aspects, that has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers.

106.    As a result of Defendant's illegal conduct, Plaintiff suffered actual damages in the form of continued unsolicited calls on his cellular phone, under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each violation of such Act.

111.    The Plaintiff incorporates by reference all of the above paragraphs of
this Complaint as though fully stated herein.

112.    Without prior consent, the Defendant contacted the Plaintiff by
means of automatic telephone calls or, prerecorded messages at a cellular
telephone or pager in violation of 47 U.S.C. section 227(b)(A)(iii) on May
30th, 2012.

113.    The phone call was made to Plaintiff without the number being
provided to Defendant or any other entity in connection with any debt, and
without the consent of Plaintiff.

114.    Defendant utilized a predicative dialer to place numerous phone calls
to Plaintiff and without human intervention.  Defendant's equipment
qualifies as a predictive dialer because it is equipment, combining software
and hardware aspects, that has the capacity to store or produce numbers and
dial those numbers at random, in sequential order, or from a database of
numbers.

115.    As a result of Defendant's illegal conduct, Plaintiff suffered actual
damages in the form of continued unsolicited calls on his cellular phone,
under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of
$500.00 in damages for each violation of such Act.

116.     Should the Court determine that Defendant's misconduct was willful and knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff.

## COUNT XI
## VIOLATION OF THE ("FDCPA"), 15 U.S.C. SECTION 1692d(5)

117.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

118.     Defendant's aforementioned conduct violated the FDCPA 15 U.S.C. section 1692d(5) as this provision specifically forbids a collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

119.     As a result of Defendant's illegal conduct, Plaintiff suffered actual damages in the form of continued unsolicited calls on his cellular phone, under section 1692k, are entitled to $1,000 per statutory violation.

## COUNT XII
## VIOLATION OF THE ("TCPA"), 47 U.S.C. SECTION 227, ET SEQ.

25

120.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

121.    Without prior consent, the Defendant contacted the Plaintiff by means of automatic telephone calls or, prerecorded messages at a cellular telephone or pager in violation of 47 U.S.C. section 227(b)(A)(iii) on June 5th, 2012.

122.    The phone call was made to Plaintiff without the number being provided to Defendant or any other entity in connection with any debt, and without the consent of Plaintiff.

123.    Defendant utilized a predicative dialer to place numerous phone calls to Plaintiff and without human intervention.  Defendant's equipment qualifies as a predictive dialer because it is equipment, combining software and hardware aspects, that has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers.

124.    As a result of Defendant's illegal conduct, Plaintiff suffered actual damages in the form of continued unsolicited calls on his cellular phone, under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each violation of such Act.

26

125.     Should the Court determine that Defendant's misconduct was willful and knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff.

## COUNT XII
## VIOLATION OF THE ("FDCPA"), 15 U.S.C. SECTION 1692d(5)

126.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

127.     Defendant's aforementioned conduct violated the FDCPA 15 U.S.C. section 1692d(5) as this provision specifically forbids a collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

128.     As a result of Defendant's illegal conduct, Plaintiff suffered actual damages in the form of continued unsolicited calls on his cellular phone, under section 1692k, are entitled to $1,000 per statutory violation.

## COUNT XIII
## VIOLATION OF THE ("TCPA"), 47 U.S.C. SECTION 227, ET SEQ.

27

129.     The Plaintiff incorporates by reference all of the above paragraphs of

this Complaint as though fully stated herein.

130.     Without prior consent, the Defendant contacted the Plaintiff by

means of automatic telephone calls or, prerecorded messages at a cellular

telephone or pager in violation of 47 U.S.C. section 227(b)(A)(iii) on June

7th, 2012.

131.     The phone call was made to Plaintiff without the number being

provided to Defendant or any other entity in connection with any debt, and

without the consent of Plaintiff.

132.     Defendant utilized a predicative dialer to place numerous phone calls

to Plaintiff and without human intervention.  Defendant's equipment

qualifies as a predictive dialer because it is equipment, combining software

and hardware aspects, that has the capacity to store or produce numbers and

dial those numbers at random, in sequential order, or from a database of

numbers.

133.     As a result of Defendant's illegal conduct, Plaintiff suffered actual

damages in the form of continued unsolicited calls on his cellular phone,

under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of

$500.00 in damages for each violation of such Act.

134.    Should the Court determine that Defendant's misconduct was willful and knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff.

## COUNT XIII

## VIOLATION OF THE ("FDCPA"), 15 U.S.C. SECTION 1692d(5)

135.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

136.    Defendant's aforementioned conduct violated the FDCPA 15 U.S.C. section 1692d(5) as this provision specifically forbids a collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

137.    As a result of Defendant's illegal conduct, Plaintiff suffered actual damages in the form of continued unsolicited calls on his cellular phone, under section 1692k, are entitled to $1,000 per statutory violation.

## PRAYER OF RELIEF

**WHEREFORE,** Plaintiff, Joseph K. Harris, prays the following relief:

a) Statutory damages pursuant to 47 U.S.C. section 227(b)(3)(B) & (C);

29

b) Statutory damages pursuant to 15 U.S.C. section 1689k;

c) Actual damages from the Defendant for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent TCPA, and FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

d) Such other and further relief as may be just and proper.

Respectfully submitted,

Joseph K. Harris

311 Industrial Blvd. Apt 295

Euless, Texas 76040

Jkharris1983@hotmail.com

(817) 217-2629

30

JS 44 (TXND Rev. 2/10)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

ORIGINAL

RECEIVED
JUN 13 2012
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

### I. (a) PLAINTIFFS
JOSEPH K. HARRIS

**DEFENDANTS**
NCO FINANCIAL SYSTEMS, INC.

(b) County of Residence of First Listed Plaintiff **DALLAS**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **MONTGOMERY**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

3-12CV-1833K

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt. Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
**77 USC 227**
Brief description of cause:
NUMEROUS VIOLATIONS OF THE TCPA, FDCPA, DTCPA, & THE DTPA

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 18,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) (See instructions)
PENDING OR CLOSED:
JUDGE _____ DOCKET NUMBER _____

DATE _____
SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

082708_PM_EP14F OCT 2008

PLEASE PRESS FIRMLY

# PRIORITY® MAIL

UNITED STATES POSTAL SERVICE

Any amount of mailable material may be enclosed, as long
as the envelope is not modified, and the contents are
entirely contained within the envelope with the adhesive
provided as the means of closure.

**INTERNATIONAL RESTRICTIONS APPLY:**

**4-POUND WEIGHT LIMIT ON
INTERNATIONAL APPLIES**

Customs forms are required. Consult the
*International Mail Manual (IMM)* at *pe.usps.gov*
or ask a retail associate for details.

Please recycle.

NC



Recycled
Paper

USPS packaging products have been awarded Cradle
to Cradle Certification™ for their ecologically-intelligent
design. For more information go to mbdc.com/usps
Cradle to Cradle Certified™ is a certification mark of MBDC.

## Flat Rate
## Mailing Envelope

For Domestic and International Use

Visit us at usps.com

From/Expéditeur:

To/Destinataire: Joseph Harris
311 S. Industrial Blvd
Euless, TX 76040

United States district c
1100 Commerce Street, Room
Dallas, TX 75242

Country of Destination/Pays de destination:



0312 0010 0000 0401 8543